[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11894
Non-Argument Calendar
_____

Agency No. A076-526-254

LI LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 20, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Li Li seeks review of the Board of Immigration Appeals' (BIA's) order

denying her motion to reopen her removal proceedings based on changed country

conditions.  After careful review, we deny the petition.

I.

Li, a native and citizen of the People's Republic of China, was served with a Notice to Appear in 2000 charging her with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid immigrant visa or entry document.  In 2001, an Immigration Judge ordered Li removed *in absentia* because she failed to appear at her removal hearing.  *See* 8 U.S.C. § 1229a(b)(5)(A).

In 2011, Li was baptized in a Christian church in the United States.  She then filed a motion to reopen her removal proceedings — in order to file applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture — based on China's persecution of non-government sanctioned (unregistered) Christian church members.[1]  If returned to China, she argued, she would join an unregistered Christian church and suffer persecution, which had materially increased since her 2001 removal hearing.  The BIA denied the motion to reopen because the evidence — including the State Department's 2009 Human Rights Report and the 2009 Congressional-Executive Commission on China's Report — did not show that China's treatment of unregistered Christian church members had materially changed since 2001, so Li did not show changed country conditions.  This is Li's petition for review.

---

[1] Li filed other motions to reopen between 2001 and 2011, but only this one is at issue.

II.

We review the BIA's decision not to reopen immigration proceedings for an abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). We will only find that the BIA has abused its discretion if its decision was arbitrary or capricious. *Id.* Generally, an alien may file only one motion to reopen, which must be filed within 90 days of the final removal order. 8 C.F.R. § 1003.23(b)(1). To overcome these limitations, Li was required to show a material change of conditions in China since her removal hearing. *See id.* § 1003.23(b)(4)(i); *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

The BIA's factual findings are reviewed for substantial evidence: we must affirm them if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (internal quotation marks omitted). To reverse a BIA factual finding, we must find that "the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

The BIA "must consider all evidence introduced by the applicant." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (alteration and internal quotation marks omitted). But where the BIA "has given reasoned consideration to

the petition, and made adequate findings, we will not require that it address specifically . . . each piece of evidence the petitioner presented." *Id*. (internal quotation marks omitted).  Rather, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id*. (internal quotation marks omitted).

## III.

Contrary to Li's assertions, the record supports the BIA's finding that there was no material change in country conditions.  The 1999 and 2000 State Department Country Reports indicate that China mistreated unregistered Christian churches and its members before 2001.  The reports describe the Chinese government's attempts to regulate Christian churches and repress unregistered ones, including by, in some cases, destroying or confiscating churches and detaining and beating church members.  The evidence Li presented does not indicate a material worsening of those conditions.  Further, although Li emphasizes that the Chinese government's intensified repression of unregistered churches before the 2008 Olympics in Beijing is evidence of materially changed conditions, the BIA found this to be merely a continuation of similar conditions that existed in 2001.  The record does not compel the opposite conclusion.  The evidence Li cites indicates that the Chinese government interfered more with unregistered churches

in periods preceding sensitive anniversaries and does not indicate that was a change from the past.

Li also argues that the BIA failed to consider the evidence she presented. We disagree.  The BIA specifically referred to Li's evidence and found that it did not demonstrate a material change in conditions since 2001.  Because the BIA adequately explained its decision, it was not required to address each portion of the evidence Li cited.  *See id*.  Li asserts that the BIA construed her motion to reopen as one based solely on changed personal circumstances rather than changed country conditions, and thus discounted her evidence of the latter.  But the BIA stated the correct legal standard and, as demonstrated by the extent to which it was discussed, based its decision on the lack of materially changed conditions in China. The BIA considered the issues Li raised and announced its decision in sufficient terms.  *See id*.

The BIA properly considered Li's evidence, and substantial evidence supports the BIA's finding that Li had failed to show materially changed conditions in China.  Consequently, the BIA did not abuse its discretion in denying Li's motion to reopen.[2]

**PETITION DENIED.**

---

[2] Because the BIA did not abuse its discretion in denying the motion based on Li's failure to show materially changed country conditions, we need not decide whether Li established a *prima facie* case for relief.  *See Al Najjar*, 257 F.3d at 1302.